UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY WAGONER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01051-SEB-TAB |
| | ) | |
| WENDY KNIGHT Warden, Correctional | ) | |
| Industrial Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Bradley Wagoner for a writ of habeas corpus challenges a prison

disciplinary proceeding identified as CIC 17-11-0261. For the reasons explained in this Entry, Mr.

Wagoner's habeas petition must be **granted.**

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir.

2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance

written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an

impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action

and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011) (same for federal

inmates).

### B.    The Disciplinary Proceeding

On November 16, 2017, Investigator S. Runyan wrote a Report of Conduct that charged

Mr. Wagoner with Class B offense 215, Unauthorized Possession of Property. Dkt. 7-1. The

Conduct Report states:

> On 11/16/2017 at 6:00am I S. Runyan was doing an inventorying of offender
> Wagoner, Bradley 966321 31L-3AS property. During that inventory I discovered
> offender Wagoner had more than the allowable amount of commissary. All
> commissary was taken to DHB. This makes offender Wagoner in code violation of
> a code 215 Unauthorized Possession of Property.

*Id.*

On November 20, 2017, Mr. Wagoner was notified of the disciplinary charge when he was

served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Dkt.

7-4. Mr. Wagoner was notified of his rights, pleaded not guilty, and requested a lay advocate. *Id.*

Mr. Wagoner requested two offender witnesses, one of whom was denied because there was not

enough information to identify the offender. *Id*. As physical evidence Mr. Wagoner wanted

commissary receipts that would show all his food purchases. *Id*.

The hearing officer ("DHO") conducted the disciplinary hearing in CIC 17-11-0261 on

December 6, 2017. Dkt. 7-7. Mr. Wagoner's comment was, "I make candy for people. I probably

had a few extra items, but they took my cell mate's commissary with mine." *Id*. The DHO found

Mr. Wagoner guilty of Class B offense 215, Unauthorized Possession of Property, based on staff

reports, Mr. Wagoner's statement, and physical evidence consisting of a cart full of commissary.

*Id*. The sanctions were a written reprimand, loss of telephone and commissary privileges, an earned

credit time deprivation of 30 days, and demotion from credit Class 1 to credit Class 2. *Id.* These

sanctions were imposed because of Mr. Wagoner's attitude and demeanor during the hearing and

the likelihood of the sanction having a corrective effect on his future behavior. *Id*.

Mr. Wagoner's appeals to the Facility Head and to the Appeal Review Officer were denied. Dkt. Nos. 7-9, 7-10, 7-11, 7-12, 7-13.

## C.  Analysis

Mr. Wagoner alleges that his due process rights were violated in the disciplinary proceeding. The Court construes his claims as follows: 1) the conduct report was written up more than 24 hours after the incident and the screening was done past the 7-day deadline set per policy; 2) the DHO was not impartial; 3) his cell-mate was not charged with the same offense which violated Mr. Wagoner's equal protection rights; and 4) there was insufficient evidence. Dkt. 1 at 1-2.

The first claim that prison authorities failed to follow Indiana Department of Correction ("IDOC") policies relating to the timing of the conduct report and screening is summarily dismissed as insufficient because it does not raise federal claims. *See Estelle v. McGuire*, 502 U.S. 62, 68 n. 2 (1991) ("state-law violations provide no basis for federal habeas relief."); *Keller v. Donahue,* 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations. What matters is the Due Process Clause.").

The Court finds that Mr. Wagoner's challenge to the sufficiency of the evidence warrants relief. Therefore, the Court need not discuss the other remaining claims.

Mr. Wagoner was found guilty of B-215, unauthorized possession of property. The Court takes judicial notice that B-215 is defined in the June 1, 2015, IDOC Adult Disciplinary Process Appendix, as "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." *Id.* The respondent argues that regardless of whether some of the property belonged to Mr. Wagoner's cell-mate, Mr. Wagoner "possessed" it as that

term is defined in the IDOC Disciplinary Code for Adult Offenders. Dkt. 7-14. Indeed, the respondent notes that the investigating officer "apparently believed all of the commissary items belonged only to Wagoner." Dkt. 7 at 10-11. Mr. Wagoner, however, argues in his reply that the commissary was not "State property" nor did it belong to another. Dkt. 8. He asserts that if he possessed an excess of commissary items, he violated a Code C-353, unauthorized possession of property, which is defined as "[a]ny unauthorized possession, alteration, removal or relation of personal property."

When a petitioner challenges the sufficiency of the evidence in a disciplinary habeas petition, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Here, the Court finds that there is no evidence in the record to support the finding that Mr. Wagoner possessed "State property or property belonging to another."

**D.    Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  Because there was insufficient evidence of Mr. Wagoner's guilt, the finding of guilty was arbitrary and Mr. Wagoner's due process rights were violated. Accordingly, his petition for writ of habeas corpus must be **GRANTED.**

The sanctions imposed in CIC 17-11-0261 must be **VACATED AND RESCINDED.** Mr. Wagoner's loss of earned credit time and credit class demotion shall be **RESTORED** as promptly as possible. The IDOC shall update the calculation of Mr. Wagoner's earliest possible release date. Judgment consistent with this Entry shall now issue.

The **clerk shall update** the petitioner's address on the docket to reflect his confinement at

Plainfield Correctional Facility.

**IT IS SO ORDERED.**

Date:     2/4/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRADLEY WAGONER
966324
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov